UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROLYN GILLIAM and<br>GARLA RENEE FREEMAN,<br><br>Plaintiffs,<br><br>v.<br><br>PREFERRED CARE HAMILTON, NJ<br>and GIACOMO MANGIARACINA,<br><br>Defendants. | Civil Action No. 24-4322 (RK) (TJB)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon Plaintiffs Carolyn Gilliam's ("Gilliam") and Garla Renee Freeman's ("Freeman") (together "Plaintiffs") applications to proceed *in forma pauperis*, (ECF Nos. 1-1, 1-2), together with their Complaint against Defendants Preferred Care Hamilton, NJ ("Preferred Care") and Dr. Giacomo Mangiaracina ("Mangiaracina") (together "Defendants"), (ECF No. 1). For the reasons explained below, Plaintiffs' application to proceed *in forma pauperis* is **GRANTED** and Plaintiffs' Complaint is **DISMISSED** without prejudice. Plaintiffs will have thirty (30) days to file an amended complaint.

    **I.**    **BACKGROUND**

    The following facts are derived from Plaintiffs' Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915. The Court received the Complaint on March 28, 2024. ("Compl.", ECF No. 1.) During the relevant period alleged in the Complaint, Gilliam was a resident at Preferred Care and Mangiaracina provided Gilliam with medical care at that time. Freeman is Gilliam's daughter and is also named as a Plaintiff in the Complaint. The Complaint is primarily written from Freeman's perspective, (*see generally id.* at

*1–10),[1] however Freeman represents that her mother, Gilliam, "has reviewed the complaint and she has allowed me to give this to the police station and or court," (*id.* at *10).

The Complaint alleges that between January 25 and March 7, 2024, Gilliam suffered a stroke while under the medical care of Defendants. (*Id.* at *7.) The Complaint makes a litany of allegations related to Gilliam's care, emphasizing that Mangiaracina prescribed salt tablets that caused Gilliam's stroke and exacerbated Gilliam's condition. (*Id.*) The Complaint alleges that Mangiaracina is racist and was "concocting a plan to murder" Gilliam. (*Id.* at *8.) Plaintiffs also allege that even though Gilliam is in pain after exercising, the staff at Preferred Care nonetheless directed her to continue exercising. (*Id.*) Plaintiffs claim that the exercise physicians at the facility are also attempting to murder Gilliam. (*Id.* at *9.)

Further, the Complaint alleges that Freeman herself has been harmed by Preferred Care, such as by developing memory and digestive illnesses due to drinking unfiltered water at the facility. (*Id.*) The Complaint alleges that the staff forced Freeman to walk around the back of the building to access it, which put her at risk of being struck by a vehicle. (*Id.*) Plaintiffs allege that Freeman has suffered severe depression, anxiety, heart palpitations, and "other illnesses" from not being able to visit her mother. (*Id.* at *10.)

Plaintiffs seek $4,000,000 in relief for pain and suffering. (*Id.*) The Complaint asserts that the Court has subject matter jurisdiction because the Complaint raises a federal question, yet lists the sole statute at issue as N.J. Stat. Ann. § 2A:53A-27. (*Id.* at *3.) Elsewhere, the Complaint generally alleges medical malpractice by Defendants and seeks for Mangiaracina to be "charged" with "attempted murder, medical malpractice, and discrimination." (*Id.* at *5.)

---

[1] Pin-cites preceded by an asterisk refer to the page numbers in the CM/ECF header.

Along with the Complaint, Plaintiffs filed two individual form applications to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1-1, 1-2.) Gilliam lists her sole form of income as $940 per month from disability payments and individual monthly expenses that total $825. (ECF. No. 1-1 at 4–5.)[2] Gilliam states she is unemployed and lists no assets apart from $100 cash. (*Id.* at 2–3.) Freeman reports her sole income as $973 per month from disability payments and her total monthly expenses as $350. (ECF. No. 1-2 at 4–5.) She indicates she expects her income to decrease by an unspecified amount within the next few months. (*Id.* at 6.)

## II. LEGAL STANDARD

### A. *In Forma Pauperis*

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*, which allows the plaintiff to bring a civil suit without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a) . . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse*, No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)); *West v. Cap. Police*, No. 23-1006, 2023 WL 4087093, at *2 (D.N.J. June 20, 2023) ("Once an application to proceed in forma pauperis has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards.").

---

[2] Although the individual expenses in Gilliam's IFP application total $825, Gilliam calculates the sum as $775. (ECF No. 1-1 at 5.) The $50 difference between the two sums is insignificant, and the Court uses the $825 in its brief analysis below.

Section 1915(a) requires a plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting § 1915(a)). In screening a complaint under Section 1915(e), the Court may dismiss the complaint *sua sponte* "if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief." *Id.* at *1. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

B.  **Subject Matter Jurisdiction**

Federal courts are courts of limited, not general jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541–42 (1986). The Court may raise the issue of its own subject matter jurisdiction *sua sponte* at any time. *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*."). If a court determines at any time that it lacks subject matter jurisdiction over an action, the court must dismiss the action. *Ben-Haim v. Neeman*, 543 F. App'x 152, 154 (3d Cir. 2013) (citing Fed. R. Civ. P. 12(h)(3)). This includes when a court screens a *pro se* complaint pursuant to 28 U.S.C. § 1915(e). *See, e.g., Jackson v. Fererretti*, No. 08-5702, 2009 WL 192487, at *1 (D.N.J. Jan. 26, 2009); *Dennis v. Dicorcia*, No. 19-22240, 2021 WL 734437, at *1 (D.N.J. Feb. 25, 2021).

Stated generally, there are two types of subject matter jurisdiction: jurisdiction based on diversity of citizenship and jurisdiction based on a federal question raised in the complaint.

4

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the matter "is between citizens of different States." 28 U.S.C. § 1332(a)(1). The party asserting diversity jurisdiction bears the burden of proof. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal question jurisdiction exists when a plaintiff asserts a claim "arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation omitted); *see also Trent Realty Assoc. v. First Fed. Sav. & Loan Ass'n. of Phila.*, 657 F.2d 29, 33 (3d Cir. 1981) ("The federal question must appear on the face of a well-pleaded complaint." (citation omitted)).

### III. DISCUSSION

#### A. *In Forma Pauperis* Application

The Court grants Plaintiffs' application to proceed *in forma pauperis*. Gilliam's IFP application reflects monthly expenses of approximately $825 against a monthly income of only $940 and $100 cash in assets. (ECF. No. 1-1 at 2–4.) In her IFP application, Freeman indicates she has a monthly income of $973 and expenses of $350. (ECF No. 1-2 at 2–5.) Further, Freeman states that she is unemployed, has no assets, and is "on the brink of homelessness." (*Id.* at 2–5, 6.) The Court finds that Plaintiffs have pled their indigency with sufficient particularity to find that they are unable to pay the filing fees. *See* 28 U.S.C. § 1915(a).

5

### B. Screening of the Complaint

####   a. Failure to Invoke Federal Question Jurisdiction

Plaintiffs checked the "Federal Questions" box on their form complaint, asserting that the basis for this Court's subject matter jurisdiction is federal question jurisdiction. (Compl. at *3.) However, on the lines below, the only listed statute is N.J. Stat. Ann. § 2A:53A-27, a New Jersey statute that requires a plaintiff to provide an affidavit of merit in a medical malpractice case. By its plain language, nothing in the statute provides a cause of action. Even if the Complaint were construed to raise a medical malpractice claim, the Court would find that it failed to raise a federal question because a medical malpractice claim is a state law cause of action. *See Lamberty v. Cooper Hosp.*, No. 22-7460, 2023 WL 5578259, at *1 (D.N.J. Aug. 29, 2023) ("The Court finds that Plaintiff's allegations of medical malpractice squarely concern a state law cause of action."); *Daniels v. Cap. Health Med. Ctr.*, No. 23-23425, 2024 WL 918368, at *2 (D.N.J. Mar. 4, 2024) (same). Further, the Court cannot find, nor do Plaintiffs make any attempt to argue, any substantial federal law issues in this state law action to permit federal question jurisdiction. *See Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014) (iterating that federal jurisdiction is permissible in a state law action when a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance), *aff'd*, 578 U.S. 374 (2016). The Court cannot otherwise discern any other plausible claims under federal law to give rise to federal question jurisdiction.

####   b. Failure to Invoke Diversity Jurisdiction

Plaintiffs' claim does not arise under this Court's diversity jurisdiction either. "The plaintiff has the burden of pleading the existence of the court's jurisdiction and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be

6

confirmed." *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999). Complete diversity requires that "no plaintiff [may] be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Without sufficient facts to determine citizenship, a complaint is subject to dismissal for lack of diversity jurisdiction. *See Poling v. K. Hovnanian Enterprises*, 99 F. Supp. 2d 502, 516 (D.N.J. 2000).

Here, the Complaint states that both Gilliam's and Freeman's residences are at an address in Trenton, New Jersey. (Compl. at *1–2.) The Complaint provides a single address in Hamilton, New Jersey for both Defendants. (*Id.* at *3.) Plaintiffs allege no information suggesting Preferred Care's principal place of business and state of incorporation are outside of New Jersey. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."). Moreover, using the same address for the employee and employer does not suffice to show the employee's domicile. *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 469 (D.N.J. 2012). Nor does the Complaint suggest that Mangiaracina's domicile is outside of New Jersey. Because Plaintiffs have not provided sufficient information for the Court to determine each party's citizenship—and the only information provided suggests they are all citizens of New Jersey—the Court cannot exercise diversity jurisdiction. *See Gay v. Unipack, Inc.*, No. 10-6221, 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011) (stating that "complete diversity must be apparent from the pleadings" for court to exercise diversity jurisdiction).

Accordingly, the Court finds that it lacks subject matter jurisdiction over this case. *See Wallace v. Jones*, No. 23-1392, 2023 WL 6158037, at *1 (3d Cir. Sept. 21, 2023) (affirming district court's dismissal of a *pro se* complaint on the grounds that the complaint did not present a federal question or plead diversity jurisdiction).

7

Given that the Complaint raises only a state law medical malpractice claim—foreclosing federal question jurisdiction—and that Plaintiffs and Defendant are, in all likelihood, New Jersey citizens—preventing the Court from exercising diversity jurisdiction over the claim—it is doubtful that Plaintiffs will be able to amend their complaint to establish this Court's subject matter jurisdiction. The Court has therefore considered whether dismissal with prejudice is appropriate because amendment would be futile. *See Perez v. Seterus, Inc.*, No. 17-5862, 2018 WL 534159, at *3 (D.N.J. Jan. 24, 2018) (collecting cases for the proposition that dismissal with prejudice is appropriate where court lacks subject matter jurisdiction). However, while it is clear that Plaintiffs' claims would most appropriately be pursued in state court, the Court will dismiss without prejudice to afford Plaintiffs one final opportunity to file an amended complaint that fixes the deficiencies addressed in this Memorandum Order.

**ORDER**

For the foregoing reasons, Plaintiffs' applications to proceed *in forma pauperis* is **GRANTED**; however, their Complaint is **DISMISSED** without prejudice. Within thirty (30) days, Plaintiffs may file an amended complaint, which in turn will be screened again pursuant to 28 U.S.C. § 1915(e).

Therefore, **IT IS** on this 2nd day of July, 2024,

1. **ORDERED** that Plaintiffs' applications to proceed *in forma pauperis*, (ECF Nos. 1-1, 1-2), are **GRANTED**;

2. **ORDERED** that the Clerk of Court is directed to file the Complaint in this matter;

3. **ORDERED** that the Complaint, (ECF No. 1), is **DISMISSED** without prejudice;

4. **ORDERED** that Plaintiffs must file any amended complaint within thirty (30) days of entry of this Memorandum Order;

5. **ORDERED** that failure to file an amended complaint within thirty (30) days will result in this matter being dismissed with prejudice;

6. **ORDERED** that the Clerk of Court is directed to **CLOSE** this matter; and

7. **ORDERED** that the Clerk of Court shall serve on Plaintiffs by regular U.S. mail this Memorandum Order to their address of record.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**